IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Civil Action No. 2:18-CV-101 (Bailey)

MEADOWS STONE & PAVING, INC.,

        Defendant.

ELECTRONICALLY FILED
Oct 02 2018
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

The United States of America, through counsel, hereby alleges and states as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345 and the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 *et seq*. (the "Act"). *See* 30 U.S.C. § 820, Penalties.

### PARTIES

2. Plaintiff is the United States of America, by and through the United States Department of Treasury, acting for and on behalf of the United States Department of Labor, Mine Safety and Health Administration (hereinafter "MSHA").

3. The defendant, Meadows Stone & Paving, Inc. (hereinafter "Meadows Stone" or "operator"), is and was, at all pertinent times, a West Virginia corporation, having its principal and chief place of business at 80 WV Forest Products Road, Gassaway, West Virginia.

### GENERAL AVERMENTS

### COUNT 1

4. At all relevant times, Meadows Stone was extracting, processing and/or crushing limestone at a quarry operated by it in or near Randolph County, West Virginia pursuant to 30

U.S.C. § 802(d)(1)(a).

5.	In October 2012, an MSHA inspector visited the quarry facility and conducted a regular safety and health inspection.

6.	During the inspection, the MSHA inspector discovered that Meadows Stone was in violation of Sections 104(a) of the Act and 30 C.F.R. §56.14101(a)(3), §56.12004, §56.14112(b), §56.12032, §56.13011, and §56.6306(e).  The inspector issued Citation Numbers 8708336, 8708337, 8708338, 8708339, 8708340, and 8708347.  *See* Inspections Violations Summary attached hereto and incorporated herein as Government Exhibit 1[1].

7.	On November 29, 2012 a Proposed Assessment and Statement of Account (Statement Number No. 000308058) was issued and mailed to Meadows Stone.  The proposed assessments were as follows:   Citation Number 8708336 was $100.00; Citation Number 8708337 was $100.00; Citation Number 8708338 was $138.00; Citation Number 8708339 was $100.00; Citation Number 8708340 was $100.00; and Citation Number 8708347 was $3,996.00. The aggregate assessment for the citations was $4,534.00.  *See* Proposed Assessment and Statement of Account attached hereto and incorporated herein as Government Exhibit 2.

8.	The Proposed Assessment informed Meadows Stone that it had 30 days from receipt of the proposed assessment to (1) pay the proposed penalty; or (2) notify MSHA that it contests the proposed assessment and request a hearing. Meadows Stone was also informed that the Proposed Assessment would become a final order if it failed to contest the proposed assessment and request a hearing and that the final order would be enforced under the provisions of the Federal

---

[1] Government Exhibit 1 also references Citation Number 8708346. That citation is not addressed herein because it was issued to Beckley Drilling & Blasting Sv and not the defendant herein.

2

Mine Safety and Health Act of 1977.  *See* Government Exhibit 2.

9. Meadows Stone contested the proposed assessment.  *See* Government Exhibit 2.

10. On November 6, 2013, Alan G. Paez, Administrative Law Judge for the Federal Mine Safety and Health Review Commission granted the proposed settlement of the parties reducing the aggregate assessment from $4,534.00 to $3,173.00. Meadows Stone was ordered to pay the civil penalty within 30 days of the Order.  *See* Decision Approving Settlement, Order to Modify, Order to Pay attached hereto and incorporated herein as Government Exhibit 3.

11. Meadows Stone refused to pay the penalty, which was deemed in default on January 16, 2014.

12. A written demand for the sum due was sent to Meadows Stone by the U.S. Department of Labor, Mine Safety and Health Administration.  *See* letter dated February 12, 2014 attached hereto and incorporated herein as Government Exhibit 4.

13. MSHA was unable to collect the debt and the debt was referred to the Department of Treasury for collection.  Interest and additional penalties have been assessed in accordance with 31 U.S.C. §§ 3711(g) and 3717(e), and 28 U.S.C. § 527.  However, the amount due remains unpaid.  *See* letter dated May 26, 2014 attached hereto and incorporated herein as Government Exhibit 5.

14. The Department of Treasury, Financial Management Service then assigned the debt to Continental Service Group, Inc., a debt collection agency, for collection.  Continental Service Group, Inc. was not successful in collecting the debt and the debt remains unpaid.

15. With regard to Citation Numbers 8708336, 8708337, 8708338, 8708339, 8708340 and 8708347, Meadows Stone is indebted to the plaintiff in the total amount of $4,486.23, which

3

includes the principal amount of $3,173.00, interest in the amount of $73.02 through May 24, 2014, an additional penalty in the amount of $40.68 through May 24, 2014, an administrative fee of $10.00, Department of Treasury Financial Management Services fees in the amount of $1,054.94, and Department of Justice fees in the amount of $134.59.  *See* Certificate of Indebtedness attached hereto and incorporated herein as Government Exhibit No. 6.

## **COUNT 2**

16.  The United States adopts and reasserts the allegations set forth in Paragraphs 1 through 15 hereof as if the same were recited herein verbatim.

17.  In March and April 2012, an MSHA inspector visited the quarry facility and conducted a regular safety and health inspection.

18.  During the inspection, the MSHA inspector discovered that Meadows Stone was in violation of Sections 104(a) and (d)(1) of the Act and 30 C.F.R. §56.14100(a) and (c), §56.14101(a)(3), §56.3200, §56.16005, §56.14112(b), §56.14207, §56.12032, §56.12018, §56.12030, and §47.41(a).  The inspector issued Citation Numbers 8656943, 8656944, 8656946, 8656947, 8656948, 8656953, 8656954, 8656955, 8656957, 8656958, 8656959, 8656960, 8656961, 8656962 and 8656963. *See* Inspections Violations Summary attached hereto and incorporated herein as Government Exhibit 7[2].

19.  On May 31, 2012, a Proposed Assessment and Statement of Account (Statement Number No. 000291121) was issued and mailed to Meadows Stone.  The proposed assessments were as follows:  Citation Number 8656943 was $3,493.00; Citation Number 8656946 was

---

2 Government Exhibit 7 also references Citation Number 8656956. That citation is not addressed herein because it was issued to Beckley Drilling & Blasting Sv and not the defendant herein. Government Exhibit 7 also references Citation Number 8656952. That citation is not addressed herein because it was not assessable.

$946.00; Citation Number 8656953 was $5,645.00; Citation Number 8656954 was $207.00; Citation Number 8656955 was $2,000.00; Citation Number 8656957 was $687.00; Citation Number 8656958 was $138.00; Citation Number 8656959 was $2,282.00; Citation Number 8656960 was $585.00; Citation Number 8656961 was $1,304.00; Citation Number 8656962 was $100.00; and Citation Number 8656963 was $585.00[3]. The aggregate assessment for the citations was $17,972.00.  *See* Proposed Assessment and Statement of Account attached hereto and incorporated herein as Government Exhibit 8.

20. The Proposed Assessment informed Meadows Stone that it had 30 days from receipt of the proposed assessment to (1) pay the proposed penalty; or (2) notify MSHA that it contests the proposed assessment and request a hearing. Meadows Stone was also informed that the Proposed Assessment would become a final order if it failed to contest the proposed assessment and request a hearing and that the final order would be enforced under the provisions of the Federal Mine Safety and Health Act of 1977.  *See* Government Exhibit 8.

21. Meadows Stone contested the proposed assessment.  *See* Government Exhibit 8.

22. On September 4, 2013, Alan G. Paez, Administrative Law Judge for the Federal Mine Safety and Health Review Commission granted the proposed settlement of the parties for three (3) combined dockets reducing the aggregate assessment from $19,460.00 to $14,500.00. The settlement specific to citations referenced in Paragraph 19 of this complaint[4] was reduced

---

[3] Citations 8656944, 8656947, and 8656948, which are referenced in the citations outlined in Government Exhibit 7 are included in the May 3, 2012 Proposed Assessment and Statement of Account addressed in Count 3 of this Complaint and identified as Government Exhibit 13.

[4] The citations referenced in sections WEVA 2012-1440-M and WEVA 2012-1441-M of the administrative decision identified as Government Exhibit 9 correspond to the citations referenced in Paragraph 19 of this Complaint. The citations referenced in section WEVA 2012-1205-M of the administrative decision identified as Government Exhibit 9 are addressed in Count 3 of this Complaint.

from the aggregate assessment of $17,972.00 to $13,219.00.   Meadows Stone was ordered to pay the civil penalty in six (6) monthly installments, with the first payment of $2,416.70 being due within 30 days of the Order.   Meadows Stone was then ordered to make equal monthly payments of $2,416.66 every thirty (30) days thereafter until the total penalty was paid in full.   *See* Decision Approving Settlement, Order to Modify, Order to Vacate, and Order to Pay attached hereto and incorporated herein as Government Exhibit 9.

23. Meadows Stone refused to pay the penalty, which was deemed in default on November 14, 2013.

24. A written demand for the sum due was sent to Meadows Stone by the U.S. Department of Labor, Mine Safety and Health Administration.   *See* letter dated April 22, 2014 attached hereto and incorporated herein as Government Exhibit 10.

25. MSHA was unable to collect the debt and the debt was referred to the Department of Treasury for collection.   Interest and additional penalties have been assessed in accordance with 31 U.S.C. §§ 3711(g) and 3717(e), and 28 U.S.C. § 527.

26. The Department of Treasury, Financial Management Service then assigned the debt Continental Service Group, Inc. and Pioneer Credit Recovery, Inc., debt collection agencies, for collection.   Neither collection agency was successful in collecting the debt and the debt remains unpaid.

27. With regard to Citation Numbers 8656943, 8656946, 8656953, 8656954, 8656955, 8656957, 8656958, 8656959, 8656960, 8656961, 8656962 and 8656963, Meadows Stone is indebted to the plaintiff in the total amount of $19,319.24, which includes the principal amount of $13,219.00, interest in the amount of $750.42 through August 21, 2014, an additional penalty in

the amount of $217.29 through August 21, 2014, an administrative fee of $10.00, Department of Treasury Financial Management Services fees in the amount of $4,542.95, and Department of Justice fees in the amount of $579.58. *See* Certificate of Indebtedness attached hereto and incorporated herein as Government Exhibit No. 11.

### **COUNT 3**

28.     The United States adopts and reasserts the allegations set forth in Paragraphs 1 through 27 hereof as if the same were recited herein verbatim.

29.     In March 2012, an MSHA inspector visited the quarry facility and conducted a regular safety and health inspection.

30.     During the inspection, the MSHA inspector discovered that Meadows Stone was in violation of Sections 104(a) and (d)(1) of the Act and 30 C.F.R. §56.6306(e) and (f)(1); §56.14101(a)(3); §56.3200; §56.9300(a); §56.14100(a) and (c); and §56.16005. The inspector issued Citation Numbers 8656934, 8656935, 8656938, 8656939, 8656940, 8656942, 8656943, 8656944, 8656946, 8656947, and 8656948. *See* Inspections Violations Summary attached hereto and incorporated herein as Government Exhibit 12[5].

31.     On May 3, 2012, a Proposed Assessment and Statement of Account (Statement Number No. 000288466) was issued and mailed to Meadows Stone. The proposed assessments were as follows: Citation Number 8656934 was $34,652.00; Citation Number 8656935 was $11,597.00; Citation Number 8656938 for $38,503.00; Citation Number 8656939 for $11,597.00; Citation Number 8656940 for $11,597.00; Citation Number 8656942 for $38,503.00; Citation

---

5 Government Exhibit 12 also references Citation Number 8656941. That citation is not addressed herein because it it was not assessable. Government Exhibit 12 also references Citation Numbers 8656936 and 8656937. Those citations are not addressed herein because they were issued to Beckley Drilling & Blasting Sv and not the defendant herein.

7

Number 8656944 for $946.00; Citation Number 8656945 for $190.00; Citation Number 8656947 for $190.00; and Citation Number 8656948 for $162.00[6].

The aggregate assessment for the citations was $147,937.00. *See* Proposed Assessment and Statement of Account attached hereto and incorporated herein as Government Exhibit 13.

32. The Proposed Assessment informed Meadows Stone that it had 30 days from receipt of the proposed assessment to (1) pay the proposed penalty; or (2) notify MSHA that it contests the proposed assessment and request a hearing. Meadows Stone was also informed that the Proposed Assessment would become a final order if it failed to contest the proposed assessment and request a hearing and that the final order would be enforced under the provisions of the Federal Mine Safety and Health Act of 1977. *See* Government Exhibit 13.

33. Meadows Stone contested the proposed assessment. *See* Government Exhibit 13.

34. On September 4, 2013, Alan G. Paez, Administrative Law Judge for the Federal Mine Safety and Health Review Commission granted the proposed settlement of the parties for three (3) combined dockets reducing the aggregate assessment from $19,460.00 to $14,500.00. The settlement specific to citations 8656944, 8656945, 8656947, and 8656948[7], referenced in Paragraph 31 of this complaint, was reduced from the aggregate assessment of $1,488.00 to $1,281.00 as described in section WEVA 2012-1205-M of the September 4, 2013 administrative decision. *See* Decision Approving Settlement, Order to Modify, Order to Vacate, and Order to Pay

---

6 Citation Number 8656943 is not included in the Proposed Assessment and Statement of Account identified as Government Exhibit 13 because it was addressed in the proposed assessments and certificate of indebtedness discussed in Count 2 of this Complaint. Additionally, Citation Number 8656946 is not included in the Proposed Assessment and Statement of Account identified as Government Exhibit 13 because it was addressed in the proposed assessments and certificate of indebtedness discussed in Count 2 of this Complaint.

7 The remaining citations listed in the Proposed Assessment and Statement of Account identified as Government Exhibit 13, specifically citations 8656934, 8656935, 8656938, 8656942, 8656939, and 8656940 are addressed in the administrative law judge decision identified as Government Exhibit 29 and discussed in Count 6 of this Complaint.

attached hereto and incorporated herein as Government Exhibit 14. Citation 8656945 was vacated. *Id*. Meadows Stone was ordered to pay the civil penalty in six (6) monthly installments, with the first payment of $2,416.70 being due within 30 days of the Order. *Id*. Meadows Stone was then to make equal monthly payments of $2,416.66 every thirty (30) days thereafter until the total penalty was paid in full. *Id*.

35. Meadows Stone refused to pay the penalty, which was deemed in default on November 14, 2013.

36. A written demand for the sum due was sent to Meadows Stone by the U.S. Department of Labor, Mine Safety and Health Administration. *See* letter dated April 21, 2014 attached hereto and incorporated herein as Government Exhibit 15.

37. MSHA was unable to collect the debt and the debt was referred to the Department of Treasury for collection. Interest and additional penalties have been assessed in accordance with 31 U.S.C. §§ 3711(g) and 3717(e), and 28 U.S.C. § 527.

38. The Department of Treasury, Financial Management Service then assigned the debt Continental Service Group, Inc. and Pioneer Credit Recovery, Inc., debt collection agencies, for collection. Neither collection agency was successful in collecting the debt and the debt remains unpaid.

39. With regard to Citation Numbers 8656944, 8656947, and 8656948, Meadows Stone is indebted to the plaintiff in the total amount of $1,884.75, which includes the principal amount of $1,281.00, interest in the amount of $72.75 through August 21, 2014, an additional penalty in the amount of $21.26 through August 21, 2014, an administrative fee of $10.00, Department of Treasury Financial Management Services fees in the amount of $443.20, and Department of Justice

9

fees in the amount of $56.54.  *See* Certificate of Indebtedness attached hereto and incorporated herein as Government Exhibit No. 16.

## COUNT 4

40. The United States adopts and reasserts the allegations set forth in Paragraphs 1 through 39 hereof as if the same were recited herein verbatim.

41. In July 2014, an MSHA inspector visited the quarry facility and conducted a regular safety and health inspection.

42. During the inspection, the MSHA inspector discovered that Meadows Stone was in violation of Section 104(a) of the Act and 30 C.F.R. §56.14132(a), §56.14100(b); §56.14107(a), §56.14108, §56.11001, and §56.12028.  The inspector issued Citation Numbers 8800842, 8800844, 8800845, 8800846, 8800847 and 8800849. *See* Inspections Violations Summary attached hereto and incorporated herein as Government Exhibit 17.  The inspector also issued Citation Numbers 8800843 and 8800848.  *See* Proposed Assessment and Statement of Account attached hereto and incorporated herein as Government Exhibit 18 (showing citations 8800843 and 8800848 issued in July 2014).  Citation Numbers 8800843 and 8800848 were subsequently vacated. *See* Decision Approving Settlement, Order to Modify, Order to Vacate, and Order to Pay attached hereto and incorporated herein as Government Exhibit 19.

43. On September 4, 2014, a Proposed Assessment and Statement of Account (Statement Number No. 000360538) was issued and mailed to Meadows Stone.  The proposed assessments were as follows:  Citation Number 8800842 was $2,282.00; Citation Number 8800843 was $2,282.00; Citation Number 8800844 was $1,530.00; Citation Number 8800845 was $207.00; Citation Number 8800846 was $207.00; Citation Number 8800847 was $2,282.00;

Citation Number 8800848 was $460.00; and Citation Number 8800849 was $127.00.

The aggregate assessment for the citations was $9,377.00.   *See* Government Exhibit 18.

44.     The Proposed Assessment informed Meadows Stone that it had 30 days from receipt of the proposed assessment to (1) pay the proposed penalty; or (2) notify MSHA that it contests the proposed assessment and request a hearing. Meadows Stone was also informed that the Proposed Assessment would become a final order if it failed to contest the proposed assessment and request a hearing and that the final order would be enforced under the provisions of the Federal Mine Safety and Health Act of 1977.   *See* Government Exhibit 18.

45.     Meadows Stone contested Citation Number 8800842, Citation Number 8800843, Citation Number 8800844, Citation Number 8800847, and Citation Number 8800848 of the proposed assessment.   *See* Government Exhibit 18.

46.     On December 22, 2015, Thomas P. McCarthy, Administrative Law Judge for the Federal Mine Safety and Health Review Commission granted the proposed settlement of the parties of three (3) combined dockets reducing the aggregate assessment from $20,686.00 to $12,750.00.   The settlement specific to the contested citations referenced in Paragraph 45 of this complaint was reduced from the aggregate assessment of $8,836.00 to $4,000.00[8].   Citations 8800843 and 8800848 were vacated.   Meadows Stone was ordered to pay the civil penalty within 30 days of the Order.   *See* Government Exhibit 19.

47.     Meadows Stone refused to pay the penalty, which was deemed in default on March 3, 2016.

---

8  These contested citations are referenced in section WEVA 2014-2189 of the administrative decision identified as Government Exhibit 19.

11

48.   A written demand for the sum due was sent to Meadows Stone by the U.S. Department of Labor, Mine Safety and Health Administration.  *See* letter dated March 8, 2016 attached hereto and incorporated herein as Government Exhibit 20.

49.   MSHA was unable to collect the debt and the debt was referred to the Department of Treasury for collection.  Interest and additional penalties have been assessed in accordance with 31 U.S.C. §§ 3711(g) and 3717(e), and 28 U.S.C. § 527.

50.   The Department of Treasury, Financial Management Service then assigned the debt Continental Service Group, Inc. and The CBE Group Inc., debt collection agencies, for collection. Neither collection agency was successful in collecting the debt and the debt remains unpaid.

51.   Citations 8800842, 8800844, 8800845, 8800846, and 8800849 are paid in full.  *See* Government Exhibit 17 (Amount Paid to Date and Current Penalty sections). With regard to Citation Number 8800847, Meadows Stone is indebted to the plaintiff in the total amount of $1,414.32, which includes the penalty balance of $1,039.31, Department of Treasury Financial Management Services fees in the amount of $332.58, and Department of Justice fees in the amount of $42.43.  *See* Certificate of Indebtedness attached hereto and incorporated herein as Government Exhibit No. 21.

## COUNT 5

52.   The United States adopts and reasserts the allegations set forth in Paragraphs 1 through 51 hereof as if the same were recited herein verbatim.

53.   In April 2014, an MSHA inspector visited the quarry facility and conducted a regular safety and health inspection.

54.   During the inspection, the MSHA inspector discovered that Meadows Stone was in

violation of Section 104(a) of the Act and 30 C.F.R. §56.9301, §56.14103(b), §56.14107(a), §56.14100(b), §56.14112(a)(1), §56.20003(a), §56.11001, §56.11002, and §56.18002(a). The inspector issued Citation Numbers 8800316, 8800317, 8800318, 8800319, 8800320, 8800321, 8800322, 8800323, 8800324, 8800325, 8800326, and 8800327. *See* Inspections Violations Summary attached hereto and incorporated herein as Government Exhibit 22.

55.     On June 5, 2014, a Proposed Assessment and Statement of Account (Statement Number No. 000352733) was issued and mailed to Meadows Stone. The proposed assessments were as follows: Citation Number 8800316 was $7,578.00, Citation Number 8800317 was $138.00, Citation Number 8800318 was $207.00, Citation Number 8800319 was $1,530.00, Citation Number 8800320 was $460.00, Citation Number 8800321 was $207.00, Citation Number 8800322 was $138.00, Citation Number 8800323 was $138.00, Citation Number 8800324 was $138.00, Citation Number 8800325 was $207.00, Citation Number 8800326 was $138.00, and Citation Number 8800327 was $2,282.00.

The aggregate assessment for the citations was $13,161.00. *See* Proposed Assessment and Statement of Account attached hereto and incorporated herein as Government Exhibit 23.

56.     The Proposed Assessment informed Meadows Stone that it had 30 days from receipt of the proposed assessment to (1) pay the proposed penalty; or (2) notify MSHA that it contests the proposed assessment and request a hearing. Meadows Stone was also informed that the Proposed Assessment would become a final order if it failed to contest the proposed assessment and request a hearing and that the final order would be enforced under the provisions of the Federal Mine Safety and Health Act of 1977. *See* Government Exhibit 23.

57.     Meadows Stone contested Citation Number 8800316, Citation Number 880319,

Citation Number 8800320, and Citation Number 8800327 of the proposed assessment. *See* Government Exhibit 23.

58. On December 22, 2015, Thomas P. McCarthy, Administrative Law Judge for the Federal Mine Safety and Health Review Commission granted the proposed settlement of the parties of three (3) combined dockets reducing the aggregate assessment from $20,686.00 to $12,750.00. The settlement specific to the contested citations referenced in Paragraph 57 of this complaint was reduced from the aggregate assessment of $11,850.00 to $8,750.00[9]. Meadows Stone was ordered to pay the civil penalty within 30 days of the Order. *See* Decision Approving Settlement, Order to Modify, Order to Vacate, and Order to Pay attached hereto and incorporated herein as Government Exhibit 24.

59. Meadows Stone refused to pay the penalty, which was deemed in default on March 3, 2016.

60. A written demand for the sum due was sent to Meadows Stone by the U.S. Department of Labor, Mine Safety and Health Administration. *See* letter dated March 8, 2016 attached hereto and incorporated herein as Government Exhibit 25.

61. MSHA was unable to collect the debt and the debt was referred to the Department of Treasury for collection. Interest and additional penalties have been assessed in accordance with 31 U.S.C. §§ 3711(g) and 3717(e), and 28 U.S.C. § 527.

62. The Department of Treasury, Financial Management Service then assigned the debt to Continental Service Group, Inc. and Performant Recovery, debt collection agencies, for

---

9 The contested citations referenced in Paragraph 57, specifically citations 8800316, 8800319, 8800320, and 8800327 correspond to sections WEVA 2014-1058 and WEVA 2014-1059 referenced in the December 22, 2015 administration decision identified as Government Exhibit 24.

14

collection.  Neither collection agency was successful in collecting the debt and the debt remains unpaid.

63. Citation Numbers 8800316, 8800317, 8800318, 8800321, 8800322, 8800323, 8800324, 8800325, and 8800326 have been paid in full. *See* Government Exhibit 22 (Amount Paid to Date and Current Penalty sections).  With regard to Citation Numbers 8800319, 8800320, and 8800327, Meadows Stone is indebted to the plaintiff in the total amount of $3,093.84, which includes the penalty balance in the amount of $2,273.50, Department of Treasury Financial Management Services fees in the amount of $727.52, and Department of Justice fees in the amount of $92.82.  *See* Certificate of Indebtedness attached hereto and incorporated herein as Government Exhibit No. 26.

## COUNT 6

64. The United States adopts and reasserts the allegations set forth in Paragraphs 1 through 63 hereof as if the same were recited herein verbatim.

65. In March 2012, an MSHA inspector visited the quarry facility and conducted a regular safety and health inspection.

66. During the inspection, the MSHA inspector discovered that Meadows Stone was in violation of Section 104(d)(1) of the Act and 30 C.F.R. §56.9300(a), §56.3200, and §56.6306(e) and (f)(1). The inspector issued Citation Numbers 8656934, 8656935, 8656938, 8656939, 8656940, and 8656942[10]. *See* Inspections Violations Summary attached hereto and incorporated herein as Government Exhibit 27.

---

10 Government Exhibit 27 also references Citation Number 8656941. That citation is not addressed herein because it was not assessable. Government Exhibit 27 also references Citations Numbers 8656936 and 8656937. Those citations are not addressed herein because they were issued to Beckley Drilling & Blasting Sv and not the defendant herein.

67.     On May 3, 2012, a Proposed Assessment and Statement of Account (Statement Number No. 000288466) was issued and mailed to Meadows Stone.  The proposed assessments were as follows:  Citation Number 8656934 was $34,652.00; Citation Number 8656935 was $11,597.00; Citation Number 8656938 was $38,503.00; Citation Number 8656939 was $11,597.00; Citation Number 8656940 was $11,597.00; Citation Number 8656942 was $38,503.00; Citation Number 8656944 was $946.00; Citation Number 8656945 was $190.00; Citation Number 8656947 was $190.00; and Citation Number 8656948 was $162.00.

The aggregate assessment for the citations was $147,937.00[11].  *See* Proposed Assessment and Statement of Account attached hereto and incorporated herein as Government Exhibit 28.

68.     The Proposed Assessment informed Meadows Stone that it had 30 days from receipt of the proposed assessment to (1) pay the proposed penalty; or (2) notify MSHA that it contests the proposed assessment and request a hearing. Meadows Stone was also informed that the Proposed Assessment would become a final order if it failed to contest the proposed assessment and request a hearing and that the final order would be enforced under the provisions of the Federal Mine Safety and Health Act of 1977.  *See* Government Exhibit 28.

69.     Meadows Stone contested the proposed assessment.  *See* Government Exhibit 28.

70.     On November 10, 2014, Alan G. Paez, Administrative Law Judge for the Federal Mine Safety and Health Review Commission granted the proposed settlement of the parties reducing the aggregate assessment from $146,449.00 to $60,000.00. Meadows Stone was ordered to pay the civil penalty in 24 equal monthly payments of $2,500.00 with the first payment to be

---

11 Citations 8656944, 8656947, and 8656948 were addressed in Count 3 of this Complaint. Citation 8656945 was vacated as discussed in Paragraph 34 of this Complaint.

16

made within 30 days of the order.  *See* Decision Approving Settlement, Order to Modify, Order to Vacate, and Order to Pay attached hereto and incorporated herein as Government Exhibit 29.

71. Meadows Stone refused to pay the penalty, which was deemed in default on January 20, 2015.

72. A written demand for the sum due was sent to Meadows Stone by the U.S. Department of Labor, Mine Safety and Health Administration.  *See* letter dated December 27, 2016 attached hereto and incorporated herein as Government Exhibit 30.

73. MSHA was unable to collect the debt and the debt was referred to the Department of Treasury for collection.  Interest and additional penalties have been assessed in accordance with 31 U.S.C. §§ 3711(g) and 3717(e), and 28 U.S.C. § 527.

74. The Department of Treasury, Financial Management Service then assigned the debt Continental Service Group, Inc. and Pioneer Credit Recovery, Inc., debt collection agencies, for collection.  Neither collection agency was successful in collecting the debt and the debt remains unpaid.

75. With regard to Citation Numbers 8656934, 8656935, 8656938, 865939, 8656940, and 8656942, Meadows Stone is indebted to the plaintiff in the total amount of $93,525.07, which includes the principal amount of $60,000.00, interest in the amount of $9,784.09 through February 25, 2017, Department of Treasury Financial Management Services fees in the amount of $20,935.23, and Department of Justice fees in the amount of $2,805.75. *See* Certificate of Indebtedness attached hereto and incorporated herein as Government Exhibit No. 31.

## COUNT 7

76. The United States adopts and reasserts the allegations set forth in Paragraphs 1

17

through 75 hereof as if the same were recited herein verbatim.

77. In July 2015, an MSHA inspector visited the quarry facility and conducted a regular safety and health inspection.

78. During the inspection, the MSHA inspector discovered that Meadows Stone was in violation of Section 104(a) of the Act and 30 C.F.R. §56.14132(b)(1), §56.14107(a), §50.30(a), and §56.14100(b). The inspector issued Citation Numbers 8919235, 8919236, 8919237, 8919238, and 8919239. *See* Inspections Violations Summary attached hereto and incorporated herein as Government Exhibit 32.

79. On September 3, 2015, a Proposed Assessment and Statement of Account (Statement Number No. 000390821) was issued and mailed to Meadows Stone. The proposed assessments were as follows:  Citation Number 8919235 was $100.00, Citation Number 8919236 was $946.00, Citation Number 8919237 was $117.00, Citation Number 8919238 was $127.00, and Citation Number 8919239 was $2,106.00.

The aggregate assessment for the citations was $3,396.00.  *See* Proposed Assessment and Statement of Account attached hereto and incorporated herein as Government Exhibit 33.

80. The Proposed Assessment informed Meadows Stone that it had 30 days from receipt of the proposed assessment to (1) pay the proposed penalty; or (2) notify MSHA that it contests the proposed assessment and request a hearing. Meadows Stone was also informed that the Proposed Assessment would become a final order if it failed to contest the proposed assessment and request a hearing and that the final order would be enforced under the provisions of the Federal Mine Safety and Health Act of 1977.  *See* Government Exhibit 33.

81. Meadows Stone contested Citation Number 8919236 and Citation Number

18

8919239 of the proposed assessment.   *See* Government Exhibit 33.

82.   On March 30, 2017, William B. Moran, Administrative Law Judge for the Federal Mine Safety and Health Review Commission granted the proposed settlement of the parties reducing the aggregate assessment of the contested citations from $3,052.00 to $615.00. Meadows Stone was ordered to pay the civil penalty of $615.00 within 30 days of the Order. *See* Decision Approving Settlement, Order to Modify, Order to Vacate, and Order to Pay attached hereto and incorporated herein as Government Exhibit 34.

83.   Meadows Stone refused to pay the penalty, which was deemed in default on June 10, 2017.

84.   A written demand for the sum due was sent to Meadows Stone by the U.S. Department of Labor, Mine Safety and Health Administration.   *See* letter dated June 15, 2017 attached hereto and incorporated herein as Government Exhibit 35.

85.   MSHA was unable to collect the debt and the debt was referred to the Department of Treasury for collection.   Interest and additional penalties have been assessed in accordance with 31 U.S.C. §§ 3711(g) and 3717(e), and 28 U.S.C. § 527.

86.   The Department of Treasury, Financial Management Service then assigned the debt Continental Service Group, Inc., a debt collection agency for collection.   The collection agency was unsuccessful in collecting the debt and the debt remains unpaid.

87.   Citation Numbers 8919235, 8919237, and 8919238 are paid in full. See Government Exhibit 32 (Amount Paid to Date and Current Penalty sections). With regard to Citation Numbers 8919236 and 8919239, Meadows Stone is indebted to the plaintiff in the total amount of $840.79, which includes the principal amount of $615.00, interest in the amount of

$7.41 through August 26, 2017, an additional penalty in the amount of $4.95 through August 26, 2017, Department of Treasury Financial Management Services fees in the amount of $188.21, and Department of Justice fees in the amount of $25.22. *See* Certificate of Indebtedness attached hereto and incorporated herein as Government Exhibit No. 36.

WHEREFORE, the plaintiff prays for judgment against Meadows Stone in the amount of $124,564.24 plus costs, prejudgment interest to the date of judgment, and such further relief as the Court deems appropriate. Plaintiff demands, pursuant to 28 U.S.C., Section 1961(a), that interest on the judgment be at the legal rate until paid in full.

                              Respectfully Submitted,

                              William J. Powell
                              United States Attorney

By:    /s/ Tara N. Tighe
        Tara N. Tighe
        WV Bar No. 12931
        Assistant United States Attorney
        P.O. Box 591
        1125 Chapline Street
        Wheeling, WV 26003
        Phone: (304) 234-0100
        Fax: (304) 234-0112